## LAUDERDALE v. MAHON.

1. JUDGMENTS—REVIVAL.—Statement of the modes by which judgments obtained prior to March 1, 1870, may be extended and their liens preserved.

2. IBID.—BANKRUPTCY—TRUSTS—PRESUMPTIONS.—Where a debtor filed his petition, and was adjudged a bankrupt in 1868, acknowledging a then existing judgment, but never received his discharge, and a summons to revive such judgment is served in 1891, the judgment will be presumed paid, and the motion to revive refused, for the reasons:

*a.* That after the lapse of twenty years it will be presumed that every necessary step to enforce a living judgment was taken.

*b.* There can be no trust without a subject-matter; and all of the bankrupt's estate having been transferred to his assignee, and his future earnings not being surrendered by his bankruptcy, there was nothing in the hands of the bankrupt upon which a trust for his creditors would operate.

*c.* Under summons to renew a judgment, the court cannot be called upon to declare and enforce a trust.

*d.* Under General Statutes, sec. 1831, a judgment must be presumed to have been paid after a lapse of twenty years, unless, before that period has elapsed, the holder of the judgment shall file with its record "a note of some payment on account, or some written acknowledgment of the debt secured thereby."

7—41

3. JUDGMENTS—REVIVAL—CODE.—The provisions of the Code of Procedure as to the renewal of judgments is inapplicable to judgments obtained prior to its passage.

Before WITHERSPOON, J., Fairfield, June, 1893.

This was a proceeding by D. Lauderdale against John D. Mahon.

*Messrs. Buchanan & Hanahan,* for appellant.

*Messrs. A. S. & W. D. Douglass,* contra.

March 19, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. The plaintiff, having recovered a judgment on a money demand against the defendant, in the Court of Common Pleas for Fairfield County, on the 2d day of April, 1866, issued a summons in said court, directed to the defendant, to renew said judgment, such summons being dated the 19th August, 1891. To this summons the defendant made answer, denying plaintiff's right to such renewal on three grounds: *first,* that said judgment had been satisfied and paid; *second,* that, as appears from the recitals or allegations in said summons, more than twenty years have elapsed since the entry of said judgment, and the same is paid and satisfied by the presumption arising therefrom; and, *third,* that such summons to show cause does not state facts sufficient to entitle plaintiff to the relief therein demanded, to wit: the renewal of said judgment and renewal of execution. On the 27th February, 1893, the plaintiff gave notice that he would move the court at the spring term, 1893, thereof, to set aside the answer of defendant upon the ground that the papers, with such notice served, showed that the defendant had filed his petition in the District Court of the United States for the District of South Carolina, on the 19th December, 1868, to be admitted to the benefits of the act of Congress, entitled "An act to establish a uniform system of bankruptcy throughout the United States," approved March 2, 1867, with the usual schedules showing his debts and his assets, and on the schedule of creditors the said John D. Mahon had included the plaintiff by name as holding

the judgment now sought to be renewed, and also showing that no assignee had been appointed and no discharge granted thereunder.

All these matters came on to be heard by Judge Witherspoon; and on the 16th day of June, 1893, he filed an order wherein he adjudged that the motion to set aside the answer of defendant to the summons to renew judgment as insufficient, and also the motion for a revival of said judgment and to renew the execution, be refused.

From this decision the plaintiff now appeals on three grounds: 1. For that his honor erred in holding that the statute of limitations had run against the judgment obtained in 1866, when the undisputed, undenied, and only evidence on the point showed that before the statute had run, to wit: on the 19th December, 1868, the defendant, in his sworn petition, schedule, and application thereon, for the benefit of the bankrupt act, made his solemn acknowledgment, in writing, of the said liability to the plaintiff herein, which said continuing acknowledgment and trust thereby created now continues, the said bankrupt not yet having been discharged, and said trust still open and unsettled in the proper United States Court, said trust being for the benefit of his creditors, when the only defence set up in this case was satisfaction from presumption of time by the alleged running of the statute of limitations against the judgment. 2. For that his honor erred in not holding that, inasmuch as there was no actual payment of the judgment alleged or claimed (the summons showing and claiming the debt to be due and unpaid), a payment from lapse of time would not be presumed in the face of an express and solemn judicial acknowledgment and trust, created on the 19th December, 1868 (the said judgment having been rendered in 1866), which said trust and official sworn acknowledgment still existing and continuing in the proper United States Court, and that such trust and acknowledgment kept the statute of limitations from running against this plaintiff, a beneficiary and creditor under the trust, the renewal should have been ordered. 3. For that his honor erred in not holding that the statute of limitations had not run when the three years ad-

ditional for renewing the active energies of the execution and reviving the said judgment had not expired at the time of issuing of the said summons to show cause why said judgment should not be revived.

Judgments, in this State, rendered prior to 1st March, 1870, continue as subsisting liens for twenty years after their rendition; and even this period of time may be enlarged in two ways: 1st, an act of the parties, such as by a partial payment, or by an acknowledgment that the debt is unpaid, if such partial payment or acknowledgment is duly recorded with such judgment when the same is done before the expiration of the twenty years from the rendition of the judgment; or, 2d, by operation of law where an action to renew is commenced within the twenty years, and subsequently such renewal is adjudged. We do not understand the appellant here as controverting these propositions. He virtually admitted all this as law when he sought, after the answer of the defendant to his summons to renew his judgment, to avoid the force of the law, as set up in such answer, by the claim that the defendant was precluded from his defence that after twenty years such judgment was presumed paid, by alleging that on the 19th day of December, 1868, the defendant, on his own petition, had been adjudged a bankrupt, had included plaintiff's judgment as unpaid on a sworn schedule, and had never received a discharge from the court of bankruptcy.

In his first two exceptions the appellant alleges error in the Circuit Judge for not holding that by such facts the defendant became a trustee, which trust continues until to-day, and prevents the application of the well recognized law that a judgment is to be presumed paid if twenty years is allowed to elapse from its rendition without the exercise by the plaintiff of one of the methods during that time to prevent such a result. Is this position tenable? This court has held that the filing of a petition for the benefits of the bankrupt act of 1867, accompanied by a schedule wherein the existence of a debt due by the bankrupt is acknowledged, will, from the date of such petition and such acknowledgment, give a fresh starting point as to the statutes of limitations, or as to presumptions of

payment from lapse of time. *Sartor* v. *Beaty*, 25 S. C., 303. Confessedly twenty years had elapsed from the 19th day of December, 1868, when this was done, to the date the summons to renew, August, 1891, was served in the case at bar. The precise question as to the creation of a trust by such steps in the court of bankruptcy has not before been presented for adjudication in this State. Its answer, however, ought not to be difficult. Certainly, when the plaintiff obtained his judgment in 1866, he obtained thereunder a lien upon the property of the bankrupt, which was enforcible under his execution. When the defendant sought the protection of the Bankrupt Court, the plaintiff's lien was not thereby destroyed, but could have been enforced in that court. Such court was always open to him for that purpose. If no assignee was chosen, a receiver might have been appointed, and yet for more than twenty-one years after the defendant had been adjudicated a bankrupt, the plaintiff remained silent. Within that twenty-one years everything might have been accomplished that ought to have been done for the protection of plaintiff's rights in the premises. Under the long established rule in this State, at the expiration of twenty years it will be presumed that everything was done that ought to have been done.

Again. It is elementary law that one of the essential ingredients in a trust is the existence of a *subject matter* proper for a trust, or in other words there must be *some property* upon which the trust may be grounded. Hill on Trustees, § 44. Under the act of Congress, 2d March, 1867, commonly known as the bankrupt act, the petitioning debtor was required to avow his willingness to surrender all his property, subject, of course, to certain exemptions, for the benefit of his creditors, and should in schedules name his creditors and enumerate his property. Section 11 of bankrupt act, 1867. Thereupon, after notice from the messenger of the court, both by publication and personal service thereof upon each creditor, creditors were required to meet and select an assignee. Section 11 of bankrupt act of 1867. Thereafter the United States Judge or register in bankruptcy conveyed the bankrupt's property to such assignee, which was by operation of law declared to vest

the title to all bankrupt's estate in such assignee.  Section 14 of bankrupt act of 1867.  It would seem, therefore, that a petitioner, by filing his application for the benefits of the act in question, accompanied by the sworn schedules hereinbefore indicated, divested himself of all title to all property owned by him, except such as was exempted to him under the liberal provisions of such bankrupt law.

Now in the case at bar, the appellant merely presents, as a support to his position that the respondent here is a trustee, the bald facts that the defendant in execution filed his petition for bankruptcy in December, 1868, accompanied by schedules of his creditors and property, and has not received any discharge as a bankrupt.  Where is the first semblance to a *subject matter* for this alleged trust?  All things are presumed to have been done rightly.  Therefore, in the absence of any allegations and proof sustaining the same to the contrary, it would be presumed that an assignee of the bankrupt had been chosen, had been clothed with the estate of the bankrupt, and the bankrupt, the respondent here, divested of all possible property owned by him on the 19th day of December, 1868.  But it may be said, having filed his petition in 1868, and never having been discharged, therefore, his earnings and property *since that time* should belong to his creditors, and he should be adjudged to hold such property as trustee.  Such a construction of the *status* of a bankrupt, who has received no discharge from his debts under the act of 2d March, 1867, would be refuted by a bare statement of such a proposition.  It was no part of the contract of the bankrupt when he applied for the benefits of such act, for he only agreed to surrender all his estate at that time, and did not so stipulate as to his future earnings.  What he is subjected to, however, by reason of his failure to obtain a formal discharge, is that he cannot plead that discharge in any suit against him upon obligations made previous to his application for bankruptcy.  There is no element of a trust here.

Besides all these considerations, we cannot see how, in a simple summons to renew a judgment, which is purely a statutory remedy, all these matters here alleged by appellant ought to be considered.  If he had any cause of action, it was

not that involved in a renewal of a judgment, but rather the enforcement of a trust as to certain property of the respondent here, growing out of the proceedings in bankruptcy complained of. We do not mean to intimate that he has any such claim, but, rather, that if we were to concede that he had any claim or cause of action, it would be the latter.

There is another view to be taken of this proceeding of the appellant to renew his judgment after twenty years have elapsed since the judgment was rendered, or even since the application for admission to the benefits of the United States bankrupt act of 1867. It is this: For many years it had been uniformly held by the courts of this State, that the lapse of twenty years from the entering up of judgment, when no payments had been made thereon, and in the absence of renewal proceedings, would raise the presumption of payment, but that such presumption was rebuttable by proof of facts inconsistent therewith. Exactly what facts might, when proved, rebut this presumption, was left in doubt. But in 1879, the General Assembly of this State saw fit to declare the *rule of evidence* as to these rebuttable facts, and by this declaration it was provided: "* * * No judgment, decree, or other lien on real estate shall constitute a lien upon any real estate after the lapse of twenty years from the date of the creation of the same: *Provided,* That if the holder of any such lien or liens as aforesaid shall, at any time during the continuance of such lien, file with the record of such judgment, decree, or other lien, a note of some payment on account, or some written acknowledgment of the debt secured thereby, with the date of such payment or acknowledgment, * * * such * * * judgment, decree, or other lien shall be, and continue to be, a lien for twenty years from the date of the record of any such payment on account or acknowledgment," accompanied by a provision that such act should not be construed to affect the duration of the liens of judgments, under section 310 of the Code of Procedure. This act is now section 1831 of the General Statutes of this State.

This court was called upon, in the case of *Henry* v. *Henry*, 31 S. C., 1, to construe this provision, and in the opinion of the court, which was delivered by the present Chief Justice, it

was decided that the General Assembly had thereby declared the rule of evidence which should be applied to the facts used to rebut the presumption of payment from lapse of twenty years after the rendition of judgments rendered prior to 1st March, 1870, and that such rule required that the only facts which could rebut such presumption would be "a note of some payment on account, or some written acknowledgment of the debt secured thereby, with the date of such payment or acknowledgment filed with the record of such judgment during the continuance of the same." If time allowed, we would reproduce some of this opinion at this point, for it deserves every consideration from its importance. The same principle was recognized by this court in *Patterson* v. *Baxley*, 33 S. C., 354; and again in the recent case of *Lawton, administrator*, v. *Perry, trustee*, 40 S. C., 255. Now, when these principles are applied to the case at bar, it will be found that the facts in rebuttal of the presumption of payment after the lapse of twenty years do not fill the statutory rule of evidence just quoted. It follows, therefore, from every standpoint, that these two grounds of exception cannot be sustained.

The third exception is equally untenable. The provisions of the Code of Procedure in this State, by their very terms, limit the privilege in question to judgments obtained in our courts after its passage. The only change wrought by the Code in the matter of judgments entered up before the 1st March, 1870, is the substitution of the summons to revive judgments or renew executions in the place of the old remedy of *scire facias*. *Lawton* v. *Perry, supra*.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE McIVER concurred in the result.